**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SANDRO ZAMORA,

Petitioner,

v. Case No. 3:26-cv-1238-WWB-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action, with help from counsel, by filing a Petition for Writ of Habeas Corpus on May 11, 2026. (Doc. 1). The crux of the Petition is that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him to a bond hearing. (*See generally id.*). As relief, he asks the Court to direct Respondents to provide him with an individualized bond hearing or direct his immediate release. (*Id.* at 12).

Federal Respondents filed a Response advising that on May 19, 2026, Petitioner received an individualized bond hearing before an immigration judge. (Doc. 7 at 2). After considering evidence, the immigration judge denied Petitioner bond, finding that he poses a danger to the community. (*Id.*). According to Federal Respondents, because Petitioner received the relief he requests (a bond hearing), his Petition should be denied as moot. (*Id.* at 2–4). Petitioner filed a counseled Reply arguing that because the immigration judge considered an inappropriate conviction when denying bond and since his continued

detention does not comply with due process requirements, the Court should order his immediate release, which does not render his Petition moot. (Doc. 11 at 9–10).

Here, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). And because Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot. To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot**.
2. The Warden's Motion to Dismiss (Doc. 10) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 8, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsels of Record